**NOT FOR PUBLICATION**                                                                                      **CLOSE**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MATIJAKOVICH,<br><br>       Plaintiff,<br>  v.<br><br>P.C. RICHARD & SON,<br><br>       Defendant. | **OPINION**<br><br>Civ. No. 2:16-1506 (WHW) (CLW) |

**Walls, Senior District Judge**

  Defendant moves to dismiss this putative class action brought under New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act. Plaintiff's claim is based on an alleged omission of required contractual language, and a claim under the TCCWNA requires the inclusion of an improper provision. Decided without oral argument under Fed. R. Civ. Pr. 78, Defendant's motion is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

  On February 16, 2016, Plaintiff David Matijakovich brought an action against Defendant P.C. Richard & Son in the Superior Court of New Jersey. Compl., ECF No. 1-1. Defendant removed the action to this Court on March 17, 2016, invoking diversity jurisdiction under 28 U.S.C. § 1332(d)(2). Not. of Removal, ECF No. 1. Plaintiff Matijakovich is a citizen of New Jersey, and P.C. Richard & Son is a New York limited liability company with its principal place of business in New York. *Id.* ¶¶ 10-13.

  On May 6, 2013, Plaintiff purchased a new Maytag washing machine from Defendant for use in his home. Compl. ¶¶ 14-22. He entered into a contract with P.C. Richard & Son and paid $575 for the appliance. *Id.* ¶¶ 23, 38. Defendant then delivered the appliance to Plaintiff's

1

property and installed it. *Id.* ¶ 24. Plaintiff asserts that the contract omitted a provision that is mandatory under New Jersey law. Specifically, language disclosing a seller's obligations in case of the delayed delivery of furniture, as required by the New Jersey Household Furniture and Furnishings Regulations ("HFR"), N.J.A.C. 13:45A-5.1, et seq., was not present in the parties' contract. *Id.* ¶¶ 49-55. Plaintiff does not assert that the delivery of the machine was delayed but alleges that this omission violated New Jersey's Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA"). *Id.* ¶¶ 59-76.

Plaintiff seeks to represent a class of New Jersey citizens who "both purchased 'household furniture' as defined by the HFR . . . from P.C. Richard & Son's retail store located [in] Paramus," New Jersey and received contracts with the same language as Matijakovich's within six years of the filing of the complaint. *Id.* ¶ 82. Plaintiff brings two counts: one count alleging a violation of the TCCWNA and seeking a statutory penalty of $100 for each violation in addition to "cancellation remedies, injunctive relief . . . attorney's fees, interest, [and] costs of suit," Compl. ¶¶ 108-112, and one count seeking a declaratory judgment "declaring as illegal the dealer's TCCWNA violations that are the subject of count 1," *id.* ¶¶ 113-123.

Defendant asserts that the Paramus store sold more than 50,000 appliances and furniture items between February 16, 2010 and February 16, 2016. Decl. of Thomas Pohmer ¶ 4. Because Plaintiff seeks $100 for each violation in addition to other remedies, the amount in controversy exceeds the $5,000,000 jurisdictional threshold under the Class Action Fairness Act and 28 U.S.C. § 1332(d)(2).

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and alterations omitted).

## DISCUSSION

The "purpose of the TCCWNA, N.J.S.A. 56:12-15, is to prevent deceptive practices in consumer contracts by prohibiting the use of illegal terms or warranties in consumer contracts." *Kent Motor Cars, Inc. v. Reynolds and Reynolds, Co.*, 207 N.J. 428, 457 (N.J. 2011). The act states in relevant part that "[n]o seller . . . shall in the course of his business . . . enter into any written consumer contract" that "includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller" as established by state or federal law. N.J.S.A. 56:12-15. To state a claim under the TCCWNA, a plaintiff must allege four elements: "(1) the plaintiff is a consumer; (2) the defendant is a seller; (3) the 'seller offers a consumer a contract' . . . and (4) the contract . . . includes a provision that 'violate[s] any legal right of a consumer' or responsibility of a seller." *Watkins v. DineEquity, Inc.*, 591 F. App'x 132, 135 (3d Cir. 2014) (citing *Bosland v. Warnock Dodge, Inc.*, 396 N.J. Super. 267, 278-79 (N.J. App. Div. 2007).

Defendant argues that a TCCWNA claim cannot be based on an omission, because an offending contract must "include" an improper provision. Br. Mot. to Dismiss at 6. Plaintiff disputes this and also argues in his opposition brief that the contract contained impermissible language about returning the product in addition to omitting required language about delivery

delays. Br. Opp., ECF No. 9 at 6. The allegation that the contract contained an offending provision does not appear in the complaint, which specifically asserts only that the contract failed to include mandatory language. *See* Compl. ¶¶ 49-58. Although the complaint generally asserts that "the contract conflicts and/or contradicts and/or misstates and/or fails to include the mandatory disclosures required the [sic] HFR," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *see also* Fed. R. Civ. Pr. 8 ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Because it "is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss," *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988), the Court does not consider Plaintiff's new assertion that the contract included improper language and only evaluates Plaintiff's claim based on Defendant's alleged omission.

The New Jersey Supreme Court has not ruled on whether a TCCWNA claim may be based on an omission. This district has addressed an analogous issue and held that the omission of beverage prices from a restaurant menu is not actionable under the TCCWNA. *Watkins v. DineEquity, Inc.*, No. 11-cv-7182, 2012 WL 3776360 at *7-*9 (D.N.J. Aug. 29, 2012) (Simandle, J.). The court based its decision in part on a plain reading of the statute's phrase "includes any provision," reasoning that a "reading of 'includes' [that] also covers its inverse, 'omits,' impermissibly reads in more prohibited conduct than is provided by the statute, even under a liberal construction approach." *Id.* at *8. The court also looked to the legislative history of the TCCWNA and noted that the bill's "Sponsor's Statement included no examples of deceptive omissions that were envisioned as falling within the scope of the statute." *Id.* The

*Watkins* decision was affirmed by the Third Circuit in a non-precedential opinion, which held that the "TCCWNA encompasses only illegal provisions in writings covered by the statute, and does not make actionable omissions." *Watkins v. DineEquity, Inc.*, 591 F. App'x 132, 133 (3d Cir. 2014). By comparison, federal courts have allowed a TCCWNA claims where a defendant "did not merely omit required disclosures[ but] also disclosed . . . information in an inappropriate manner." *Posey v. NJR Clean Energy Ventures Corp.*, No. 14-cv-6833, 2015 WL 6561236 at *14 (D.N.J. Oct. 29, 2015).

Plaintiff's claim is entirely based on an alleged omission. Compl. ¶¶ 48-58. The complaint makes no allegation that any offending provision was included in the contract, nor does it allege that required information was disclosed in an inappropriate manner. Plaintiff's TCCWNA claim does not state a claim for relief that is plausible on its face, and Defendant's motion to dismiss that claim is granted.

The Court will also grant Defendant's motion to dismiss Plaintiff's redundant claim for a declaratory judgment. "It is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment actions, apply in diversity cases." *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 352 (3d Cir. 1987). District courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). Plaintiff's request for a declaratory judgment is based on the same allegations as his TCCWNA claim. *See* Compl. ¶¶ 113-123 ("Plaintiff(s) and the class hereby seek a declaratory judgment declaring as illegal the dealer's TCCWNA violations that are the subject of count 1 of this complaint."). Plaintiff's Count Two is subsumed by Count One, which the Court has already

5

dismissed. The Court will not exercise its discretion to entertain Plaintiff's request for a declaratory judgment.

## CONCLUSION

Defendant's motion to dismiss is granted, and Plaintiff's complaint is dismissed. An appropriate order follows.

Date: June 21, 2016

Hon. William H. Walls
United States Senior District Judge